The undersigned have reviewed the Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ballance.
The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence, the Full Commission adopts in part and modifies in part the findings of the Deputy Commissioner. Accordingly, the June 22, 1995, Opinion and Award by the Deputy Commissioner is hereby AFFIRMED in part and MODIFIED in part. The Full Commission, in their discretion, have determined that there are no grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law and ultimate award.
* * * * * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties in the Form 21 Agreement for payment of compensation approved on February 10, 1988 and at the hearing as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff-employee and defendant-employer at all times relevant to this claim.
3. The carrier on the risk at the time of injury was Travelers Insurance Company.
4. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on 6 January 1988.
5. Plaintiff's average weekly wage was $166.25.
* * * * * * * * * *
Based upon the competent evidence adduced at the hearing, the undersigned makes the following
FINDINGS OF FACT
1. Plaintiff is a 32 year old resident of Johnston County who originally injured his back at Carolina Packers on 6 January 1988. As a result of that injury, plaintiff underwent several back surgeries, leading up to a fusion of the L5-S1 disk on 7 January 1991. After said fusion surgery, plaintiff's pain was reduced and he reported to his physician that he felt great. Dr. Lee A. Whitehurst, one of the physicians who performed the fusion, placed a permanent lifting restriction of 50-70 pounds on plaintiff and released plaintiff from his care.
2. Plaintiff returned to work with a different employer, Contemporary Products in Garner, on 19 July 1991. Plaintiff's job at Contemporary Products required constant standing, inspecting and handling plaques that came off an assembly line. From 19 July 1991 until mid-August of 1993, plaintiff performed this job a minimum of 40 hours per week without difficulty and earned wages. During this time, plaintiff's pain level remained at the same low levels. Also, plaintiff had a good range of motion in his back.
3. In approximately the middle of August, 1993, the plaintiff experienced a significant increase in the level of his pain and other symptoms. He had severe limitation of motion of his back and was unable to stand for more than ten to fifteen minutes at a time without significant pain. These changes continued through the date of the hearing of this matter on 30 August 1994.
4. Plaintiff attempted to continue to work at Contemporary Products for approximately two weeks after the onset of this significant increase in pain and symptoms, however, he was unable to continue to work at that job. In September, 1993, plaintiff attempted to return to see Dr. Whitehurst and Dr. Dennis Bullard, the other physician who participated in his prior fusion surgery, but was not able to see either doctor because of an outstanding balance on his account from a prior visit. Plaintiff then scheduled an appointment to see Dr. David Tomaszek in Wilson, who saw plaintiff on 15 October 1993.
5. At plaintiff's 15 October 1993 visit, Dr. Tomaszek noted that plaintiff had "marked mechanical back pain" . . . and . . . "very severe limitation of motion of the back". Dr. Tomaszek further noted that plaintiff was unable to stand for more than ten to fifteen minutes at a time. Dr. Tomaszek diagnosed plaintiff as having "painful degenerative disk disease, status post fusion" and opined that plaintiff was not able to perform his job at Contemporary Products at that time. Dr. Tomaszek noted that there was no apparent mechanical breakdown of plaintiff's fusion hardware, but substantial increases in pain after fusions were a result that he frequently saw and treated. Dr. Tomaszek further opined that plaintiff's current symptoms were caused by his prior work-related injury and that plaintiff would need future medical treatment likely consisting of nerve blocks, nerve denervation or spinal cord stimulation. Dr. Tomaszek opined, after reviewing plaintiff's history, including plaintiff's prior medical records, that plaintiff's back had undergone a significant change of condition or worsening when compared to that condition which existed upon plaintiff's prior release from Dr. Whitehurst's care in May of 1991.
6. At the defendants' request, plaintiff returned to see Dr. Whitehurst on 7 June 1994. Dr. Whitehurst was under the mistaken impression that plaintiff had been out of work since September, 1992 and thus was of the opinion that any change in plaintiff's condition was probably a result of deconditioning from being out of work. No weight is accorded the opinion of Dr. Whitehurst on the cause of plaintiff's change of condition in that plaintiff had been continuously employed and had not been out of work.
7. Plaintiff's severe pain level and back limitations continued through the date of hearing and until 26 September 1994, when Dr. Tomaszek implanted a dorsal column stimulator in plaintiff's back. During the period while the record in this case was held open for receipt of additional medical evidence and up to the time of Dr. Tomaszek's deposition on 11 October 1994, plaintiff had not yet reached maximum medical improvement; however, he had experienced great relief from his pain. When maximum medical improvement is reached, Dr. Tomaszek intends to place permanent restrictions on plaintiff of no repetitive lifting, no lifting over 25 pounds, no twisting or bending and no prolonged standing or sitting.
8. Plaintiff sustained a substantial change in the physical condition of his back between May, 1991 and September, 1993. Said change of condition caused plaintiff to be incapable of earning wages after September, 1993. Plaintiff's testimony concerning the difference in the level of pain in his back beginning in August, 1993 and his ultimate lack of capacity to work is supported by the objective findings of Dr. David E. Tomaszek.
9. Plaintiff's initial compensable injury in January, 1988 caused his disk problems which culminated in his first diskectomy, then a "redo diskectomy" and later a fusion and his flare-up or recurrent pain symptoms in August, 1993.
10. Plaintiff's condition will require future medical treatment, including the replacement of the battery of his dorsal column stimulator.
11. As a result of his substantial change of condition, plaintiff's permanent restrictions increased. Plaintiff is now and is expected to be restricted in the future to no prolonged standing or sitting, no repetitive lifting, twisting or bending, climbing, kneeling, squatting and no lifting over 25 pounds. Upon his release to return to work in May, 1991, plaintiff had lifting restrictions of 50 to 70 pounds. Also, in May, 1991, there was no limitation on plaintiff's physical capacity to do repetitive lifting, twisting, bending, climbing, kneeling, squatting or on the time period he should stand or sit.
12. The medical treatment provided to plaintiff by Dr. Tomaszek was reasonably required to effect a cure, give relief and/or tended to lessen his period of disability. Plaintiff filed a timely motion for change of treating physician.
13. The defendant was allowed to file its brief late in this matter due to the fact that its counsel's office was moving and in the movement the brief was misplaced and thought to have been filed when in fact it had not been. Plaintiff objected to the defendant being allowed to file his brief.
* * * * * * * * * *
Based upon the foregoing findings of fact, the undersigned makes the following
CONCLUSIONS OF LAW
1. In approximately mid-August, 1993, plaintiff sustained a substantial or significant worsening of his prior compensable back condition, entitling him to further compensation. Plaintiff's last disability payment for his prior compensable injury was 23 September 1991. N.C. Gen. Stat. § 97-47.
2. The medical treatment rendered by Dr. Tomaszek was reasonably necessary to provide relief and/or to lessen plaintiff's disability from his compensable back condition, and is hereby approved. N.C. Gen. Stat. § 97-25.
3. As a result of his substantial change of condition, plaintiff has remained totally disabled since 7 September 1993 entitling him to compensation at a rate of $110.84 per week from 7 September 1993 to the scheduled hearing date and thereafter continuing at the same rate so long as he remains totally disabled. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to future medical treatment from the defendants for so long as such evaluations, examinations and treatments are reasonably required to effect a cure, give relief or lessen his disability. N.C. Gen. Stat. § 97-25.
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law the undersigned makes the following
AWARD
1. Defendants shall pay to plaintiff, on account of his continuing disability, compensation at the rate of $110.84 per week during the period from 7 September 1993 up to the scheduled hearing date and thereafter continuing at the same rate for so long as plaintiff remains disabled or until further Orders of the Industrial Commission. Such compensation as has accrued hereunder shall be paid in one lump sum, without commutation, subject to a reasonable attorney fee hereinafter approved.
2. Defendants shall pay for all medical treatment provided by or at the instruction of Dr. David Tomaszek as a result of plaintiff's back condition prior to the date of this Award, when the bills for same are submitted through defendant-carrier to the Industrial Commission for approval and are approved by the Commission.
3. Defendants shall pay all reasonable and necessary medical expenses incurred or to be incurred by plaintiff as a result of the injury by accident and subsequent change of condition to the extent the same are reasonably designed to and tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith when bills for the same are submitted through defendant-carrier to the Industrial Commission for approval and are approved by the Commission.
4. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the accrued compensation benefits due plaintiff herein is hereby approved for plaintiff's counsel. Thereafter, plaintiff's counsel shall receive every fourth check due the plaintiff. Said fee shall be deducted from the amount due plaintiff and paid directly to plaintiff's counsel.
5. Dr. David Tomaszek is hereby approved as plaintiff's treating physician and is further authorized to treat the plaintiff in the future to such extent as may be reasonably necessary for his compensable injury and substantial change of condition.
6. Defendants shall pay the costs due this Commission.
Further, this case is hereby REMOVED from the Smithfield docket.
 S/ _____________ GEORGE T. GLENN II DEPUTY COMMISSIONER
CONCURRING:
S/ _____________ DIANNE C. SELLERS COMMISSIONER
S/ _____________ LAURA KRANIFELD MAVRETIC COMMISSIONER